UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHEILA B. STEPP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:13-cv-179-WGH-WTL ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# MAGISTRATE JUDGE'S FINDINGS AND DECISION

I, William G. Hussmann, Jr., United States Magistrate Judge, find the following as to the errors Plaintiff alleges were made by the Administrative Law Judge ("ALJ") in this case. Specifically:

1. The ALJ properly evaluated the opinion of Dr. Meredith McCormick Taylor. The ALJ was entitled to determine that Dr. Taylor's opinion—rendered shortly after the Plaintiff's back surgery in February 2010—was that the Plaintiff's condition was expected to improve. Further substantial evidence supports the ALJ's conclusion that the Plaintiff's condition at the time of Dr. Taylor's opinion was not indicative of the Plaintiff's condition after recovery from surgery. ([Filing No. 14-2 at ECF pp. 35–38](Filing No. 14-2 at ECF pp. 35–38).)

2. The ALJ did not ignore the entire line of opinions from Dr. Stephen Ritter. The ALJ does discuss Dr. Ritter's opinions. ([Filing No. 14-2 at ECF pp.

36–37.)  I conclude that that reading does not "cherry pick" or misread Dr. Ritter's opinions.  Dr. Ritter did indicate Plaintiff could be expected to return to work "about 5 months out" from her surgery.  (Filing No. 14-8 at ECF p. 81.)  And, in January 2010 (about nine months after her surgery), Dr. Ritter indicated that Plaintiff could return to work in "another few weeks."  (*Id.* at ECF p. 74.)

      3.  The ALJ did not err in ignoring evidence of the Plaintiff's manipulative residual functional capacity.  As pointed out by the Commissioner, the Record does not contain any evidence by a doctor that the Plaintiff's carpal tunnel syndrome imposed any manipulative impairments.  (Filing No. 27 at ECF pp. 7–8.)  Dr. Kevin Helms's many records find that the Plaintiff maintained a grip of 80-100% functionality in the left hand.  (Filing No. 14-8 at ECF p. 72.)  There is no evidence that the carpal tunnel symptoms were expected to last one year or longer.

      4.  The ALJ did not err by failing to address the Plaintiff's obesity in this case.  The Plaintiff herself did not explain how the obesity limited her functioning.  Failing to more specifically address obesity is harmless error unless the Plaintiff does explain how the obesity limits her.  *See Dornseif v. Astrue*, 499 F. App'x 598, 600 (7th Cir. 2013) (non-precedential order) (citing *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)).

      5.  The ALJ's credibility assessment was not patently wrong.  The ALJ discussed the Plaintiff's pain in detail over two pages before summarizing her

opinion of Plaintiff's credibility and residual functional capacity.  ([Filing No. 14-2 at ECF pp. 36-38](#).)  The ALJ specifically addressed almost all of the [SSR 96-7p](#) factors and therefore used the appropriate legal standard.

6. However, I conclude that the case must be remanded for a review of new and material evidence pursuant to Sentence Six of [42 U.S.C. § 405(g)](#).  On November 21, 2011, the same day the ALJ returned his decision, Plaintiff submitted to the Social Security Administration 12 pages of medical records from Dr. Allan MacKay.  ([Filing No. 14–15 at ECF pp. 7–18](#).)  These records concern the period from September 20 to November 8, 2011—within the time period relevant to the ALJ's decision.

7. The records were submitted to the Appeals Council on November 21, 2011—only 13 days after Plaintiff's last visit to the doctor.  The Appeals Council declined to review the ALJ's opinion on the grounds that two other sets of records that were submitted by Plaintiff addressed the period after the ALJ's decision.  The Appeals Council did not address Dr. MacKay's records.  I find that the records of Dr. MacKay are material and new and that the Plaintiff submitted those records as promptly as possible.  My review of the records of Dr. MacKay reveals evidence relevant to the issue of the degree of the Plaintiff's pain and whether the Plaintiff's pain continued for a longer period of time.  The continued treatment and complaints of pain are relevant to the issue of whether the ALJ properly found that the Plaintiff's condition had improved over

time. Therefore, this matter must be **REMANDED** to the Commissioner pursuant to Sentence Six.

    **SO ORDERED** the 22nd day of May, 2014.

                                              William G. Hussmann, Jr.
                                              United States Magistrate Judge
                                              Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**