UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHEILA B. STEPP <br> (Social Security No. XXX-XX-7013), <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | 2:13-cv-179-WGH-WTL |

**ENTRY ON DEFENDANT'S MOTION TO ALTER THE JUDGMENT**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on the Commissioner's Motion to Alter the Judgment (Filing No. 37), the parties consent to magistrate judge jurisdiction (Filing No. 8; Filing No. 12), and Judge Lawrence's Order of Reference (Filing No. 16). The matter is fully briefed. (Filing No. 37; Filing No. 39; Filing No. 41.) Being duly advised, I find that I committed a manifest error of law in determining whether the Appeals Council adequately reviewed certain medical records, and I therefore **GRANT** the Commissioner's motion.

I.  **Background**

Sheila B. Stepp came to this Court to appeal the Social Security Administration's denial of her application for disability insurance benefits, raising six separate issues for remand. (Filing No. 21.) Following the parties' oral argument on April 24, 2014, I ordered that Stepp's application be

remanded to the Administration for further proceedings based on only one of those issues: the Appeals Council's review of medical records from Dr. Allan MacKay. (Filing No. 35.)

The Commissioner conceded that Stepp submitted records from Dr. MacKay and two other sources on November 21, 2011, the same day the administrative law judge (ALJ) issued his decision denying Stepp's application for benefits. (Filing No. 27 at ECF pp. 11–12.) And the Commissioner appeared to concede that Dr. MacKay's records were "new and material" for purposes of Appeals Council review. (*Id.* at ECF pp. 12–13.) Stepp argued that the Council erred by failing to review Dr. MacKay's records. (Filing No. 21 at ECF pp. 35–36.) In response, the Commissioner argued that her decision should be affirmed for two reasons: The Appeals Council properly reviewed the records from Dr. MacKay, and—even if it did not—Stepp was not entitled to have them reviewed because she had not articulated good cause for submitting them after her hearing before the ALJ. (Filing No. 27 at ECF pp. 12–13.)

The Appeals Council did not explicitly address Dr. MacKay's records in the body of its decision, but it listed his records among others it received on the "Exhibits List" it appended to its decision. (Filing No. 14-2 at ECF pp. 6–7.) In the body of its decision, the Appeals Council stated that it considered the evidence identified on the Exhibits List, found that the exhibits did not "provide a basis for changing the Administrative Law Judge's decision," and "considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of evidence of record." (*Id.* at ECF pp. 2–3.) The

decision explicitly stated that the Appeals Council considered the other two exhibits Stepp had submitted but found they were immaterial because they concerned her condition following the ALJ's decision. (*Id.* at ECF p. 3.)

I ordered remand for further consideration of Dr. MacKay's records:

> The Appeals Council declined to review the ALJ's opinion on the grounds that two other sets of records that were submitted by Plaintiff addressed the period after the ALJ's decision. The Appeals Council did not address Dr. MacKay's records.

(Filing No. 35 at ¶ 7.) The Commissioner now asks the Court to alter that judgment and affirm the ALJ's decision denying Stepp's application for benefits.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) allows a court to reopen a matter on which judgment has been entered, amend its findings, and enter a new judgment. "To prevail on a Rule 59(e) motion, the moving party 'must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Rule 59(e) does not invite litigants to present arguments or evidence it could and should have presented in the first instance. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Whether to reopen and amend a judgment is a question for the trial judge's discretion. *E.g., Boyd v. Tornier*, 656 F.3d 487, 492 (7th Cir. 2011).

3

### III. Discussion

I originally remanded this matter because I found that the Appeals Council erred by failing to sufficiently address Dr. MacKay's records in its order. (Filing No. 35 at ECF ¶ 7.) Upon reconsideration, however, I question whether the Council was required to do anything more than it did.

#### A. The Appeals Council considered Dr. MacKay's records.

As a starting point, I find that the Appeals Council considered Dr. MacKay's records. At the very least, I infer that Dr. MacKay's records were presented to the Council because they are listed as exhibits to its order. (Filing No. 14-2 at ECF p. 6.) The Council's statement that it "considered . . . the additional evidence listed on the" Exhibits List suggests—however thinly—that the Council reviewed that evidence. (*Id.* at ECF p. 2.) Moreover, the fact that the Council explicitly declined to review Stepp's other newly submitted evidence gives weight to the Commissioner's argument that the Appeals Council actually considered Dr. MacKay's records. (*See Id.* at ECF p. 3.)[1]

My original findings on this matter focused on the Appeals Council's failure to explicitly address Dr. MacKay's records and explain why they did not require review of the ALJ's decision. In so doing, I lost sight of the key inquiry

---

[1] The Commissioner also asks the Court to find that the Appeals Council considered Dr. MacKay's records by assuming that it adhered to an internal policy (HALLEX I-4-1-54) forbidding the Council to list as exhibits evidence it has not considered. (*See* Filing No. 37 at ECF p. 3.) I note that the Commissioner could have raised this new argument in the original briefing on this matter. Nevertheless, I need not consider this argument nor resolve whether HALLEX should carry any weight on judicial review to resolve the Commissioner's motion.

4

in this matter: whether the ALJ was required to explicitly address Dr. MacKay's records and explain why they did not require review of the ALJ's decision.

### B. The Appeals Council adequately explained its decision to decline full review of the ALJ's determination.

The Appeals Council must undertake a three-step process when it receives evidence that was not presented to the ALJ and that concerns the period preceding the issuance of the ALJ's opinion. 20 C.F.R. § 404.970(b). First, the Council must determine whether the evidence is "new and material." If it is, the Council must proceed to the second step and determine whether the ALJ's decision is contrary to the weight of the entire record—including the new, material evidence. If it is, the Council must proceed to the third step and review the ALJ's decision de novo. *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997).

In *Perkins*, the Seventh Circuit held that the Appeals Council's decision to review the ALJ's decision de novo is discretionary and unreviewable unless it committed legal error at the first or second step. *Id.* There, the court found that the Council properly determined that the evidence in question was new and material, that the ALJ's determination was not contrary to the weight of the evidence, and that the Council's decision to forego de novo review therefore was unreviewable. *Id.* Unfortunately, the Seventh Circuit's opinion does not explain to what extent the Council specifically addressed the new evidence or justified its decision.

It is not clear whether the Appeals Council carried its burden in this case. The Commissioner concedes that Dr. MacKay's records were new and

5

material and argues that the Council properly declined de novo review after determining that the ALJ's decision was not contrary to the weight of all the evidence. ([Filing No. 37 at ECF p. 4](#).) But the Council never specifically discussed the new evidence, and it announced it's conclusion in a single, unexplained sentence: "We found that this information does not provide a basis for changing the Administrative Law Judge's Decision." ([Filing No. 14-2 at ECF p. 3](#).) This unsupported statement makes it nearly impossible for a reviewing judge to evaluate the Council's conclusion that the ALJ's decision was not contrary to the weight of the evidence.

Unfortunately for Stepp, neither party has offered—and I cannot find—any authority requiring the Appeals Council to furnish a reasoned explanation for its decision that new, material evidence does not warrant de novo review of the ALJ's decision. I therefore find that the Council's failure to articulate any reason for its decision was not a legal error. Consequently, I must concede that I committed a manifest error of law in remanding this action.

To be clear, I do not suggest that the Appeals Council's order in this matter is exemplary. It does the absolute minimum to suggest that it even learned of Dr. McKay's records, and it wholly fails to explain why the ALJ's determination is not contrary to the weight of the evidence in light of those records. But the Seventh Circuit stated in *Perkins* that the Council triggers remand only by committing legal error, and I know of no precedent requiring the Council to explicitly address evidence or explain its conclusions. If

presented with any authority requiring the Council to do either to even the slightest degree, I would find its order woefully deficient and order remand.

I am not intellectually satisfied by this decision (nor, I imagine, is Stepp), but I find it compelled by the regulations and the present state of the case law in our jurisdiction. After all, disability cases ordinarily hinge on whether the decision-maker has articulated "reasoned grounds" for her decision[2] and whether the reviewer can "trace the path" of the decision-maker's reasoning[3]. Here, the Appeals Council articulated nothing and left me with no reasoning to trace. Fortunately, Stepp is entitled to appeal to a higher authority whose guidance on this issue would facilitate surer resolution of similar claims.

**IV.     Conclusion**

For the foregoing reasons, I **GRANT** the Commissioner's Motion to Alter the Judgment. I **AMEND** my original findings in this matter to whatever extent they are inconsistent with Part III of this Entry. Further, I direct entry of a new judgment **AFFIRMING** the ALJ's decision.

**SO ORDERED** this 1st day of August, 2014.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

---

[2] *Spiva v. Astrue,* 628 F.3d 346, 353 (7th Cir. 2010).
[3] *E.g., Clifford v. Apfel,* 227 F.3d 863, 874 (7th Cir. 2000).