UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SHEILA B. STEPP ) | |
| (Social Security No. XXX-XX-7013), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:13-cv-179-WGH-WTL |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S EAJA MOTION
FOR AWARD OF ATTORNEY FEES**

On October 29, 2015, Plaintiff moved for an award of attorney fees under the Equal Access to Justice Act (EAJA). Filing No. 55. The matter is fully briefed. Filing No. 55, Filing No. 58. The Court, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby **DENIES** the motion.

**I.   Background**

Plaintiff applied for Disability Insurance Benefits on February 3, 2010, alleging a disability onset date of November 18, 2009. An Administrative Law Judge ("ALJ") held a hearing on August 24, 2011, and issued an opinion finding Plaintiff was not disabled and therefore not eligible for benefits on November 21, 2011. The Appeals Council denied Plaintiff's request for review on March 19, 2013, and Plaintiff sought judicial review in this Court.

After an Oral Argument on April 24, 2014, this Court initially remanded the decision to the Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g). This Court based that decision on a finding that the medical records from Dr. Allan MacKay concerning the period from September 20 to November 8, 2011, that Plaintiff submitted on November 21, 2011, the same day the ALJ returned his decision, were material, new, and promptly submitted. Filing No. 36. However, after Defendant filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), Filing No. 37, this Court granted the motion and affirmed the ALJ's decision. Filing No. 42.

Plaintiff appealed the decision to the Seventh Circuit, which affirmed in part and reversed in part. The Seventh Circuit concluded that it was legal error for the Appeals Council to determine that the new records submitted by Plaintiff on November 8, 2011, were not new and material evidence. On this basis, and because they found evidence that Plaintiff's health was not on an "upward trajectory," the matter was remanded to the Social Security Administration. Filing No. 53 at EFC p. 32. After the Order of Remand issued, Plaintiff filed this motion for attorney fees.

## II. Discussion

The EAJA, 28 U.S.C. 2412(d), allows a plaintiff's attorney to recover reasonable fees from the Government where: (1) the plaintiff is a prevailing party; (2) the Government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. 28 U.S.C. 2412.

Plaintiff was the prevailing party in this case by virtue of the Seventh Circuit's remand. *Shalala v. Schaefer,* 509 U.S. 292, 301 (1993). There are no special circumstances that make an award unjust in this case. The Plaintiff has submitted a timely motion that is supported by an itemized statement. Therefore, the only real issue that needs examination is (2), whether the Government's position in defending the ALJ's decision was substantially justified.

In response to an EAJA motion for attorney fees, the Government bears the burden of proving that its position—both the ALJ's decision and the Government's defense of that decision on judicial review—was substantially justified. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The Government's position is substantially justified if it has a reasonable basis in both fact and law and if there is a reasonable connection between the facts and the legal theory the Government has advanced. *Stewart,* 561 F.3d at 683.

I find that the Government has met its burden of establishing that its position was substantially justified. It should be first noted that this Court and the Seventh Circuit Court of Appeals both affirmed the ALJ's decision, which found that Plaintiff was not entitled to benefits on the record before the ALJ. Plaintiff had challenged the ALJ's decision on the merits and the Commissioner was required to—and promptly did—defend that decision.

Remand was required, initially by this Court and ultimately by the Seventh Circuit decision, because of the ambiguity in the record as to whether

3

the Appeals Council properly considered the evidence that Plaintiff submitted on November 21, 2011, as new and material evidence. For the reasons specified in my Entry on Defendant's Motion to Alter the Judgement, [Filing No. 42](), I conclude that there was reason to debate whether the Appeals Council properly considered additional evidence; and there was reason to debate whether the additional evidence met the new-and-material standard. Finding that the Commissioner's arguments were reasonable, I find that the Commissioner's position—though ultimately incorrect—was substantially justified.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for an award of attorney fees is **DENIED**.

**SO ORDERED** the 15th day of December, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge


Served electronically on all ECF-registered counsel of record.

4